# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017
_____

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

**REQUEST FOR APPROVAL OF AN FLSA SETTLEMENT**

April 6, 2017

**BY ECF**

Honorable J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
NewYork, New York 10007

   Re: Martin Martinez v. Mashtiha Corp., dba Stage Door Deli
      Case No. 17 Civ. 310 (JPO)

Dear Judge Oetken,

  This case is pending before Your Honor and the parties resolved the case following negotiations conducted through counsel in October 2016 through March 2017. This correspondence is submitted jointly, by counsel, on behalf of the parties.

  This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq*.

  Plaintiff Martin Martinez ("plaintiff") worked as a delivery person at defendants' delicatessen located in Manhattan. Plaintiff worked for prior owners and a prior corporate entity during most of his employment; the defendants were plaintiff's employer during the last three (3) months of his employment. The plaintiff alleged the current owner is a successor to the former, which was a significant disputed issue of fact and law between the parties.

  Plaintiff contends he worked 60 hours per week and was paid a weekly salary of $300.00 - $500.00 per week. He was not paid an overtime premium for his overtime hours.

Defendants assert that Plaintiff worked a substantially shorter period of time and fewer hours per week, and was paid at all times above minimum wage. In addition defendants claim the plaintiff received an hour lunch break, which plaintiff acknowledged for purposes of settlement negotiations. Defendants have time and pay records for the period in which plaintiff worked for them.

Plaintiff and defendants actively negotiated to reach a resolution prior to filing the lawsuit and continued to do so after filing; as such we were able and keep litigation costs to a minimum. The settlement calls for eleven (11) payments, and there is no expectation that the settlement payments will not be made, although we do request the court enforce the parties' settlement.

To evaluate the fairness of the resolution, we note that plaintiff would receive substantially less if the period of employment were determined to be three (3) months. If instead we look at the last two (2) years, when Mr. Martinez was paid five hundred dollars $500 per week, and we assume his "regular rate" of pay may be assumed to be approximately $9.25 per hour, and assuming he worked 54 hours every week, during two (2) years, he would be owed the overtime premium of $4.62 per hour x 14 hours x 52 weeks x 2 years = $6,726. Defendants, naturally, disputed the claim and asserted that plaintiff's hours should be reduced for absences or days off and holidays. As such, the parties jointly submit that settlement for $12,000 in eleven (11) payment represents a fair compromise for the wages owed to plaintiff, inclusive of a portion of liquidated damages, and attorneys' fees.

As indicated, the agreement contemplates payment of liquidated damages and includes attorneys' fees (which pursuant to plaintiff's retainer with counsel and pursuant to the settlement agreement, shall be one-third of the settlement). All parties submit that the settlement meets every interpretation of fair and reasonable as required by the statutes and interpreting case law. The plaintiff recognized that there were valid factual disputes concerning the hours worked, as well as the time off. Mr. Martinez is particularly grateful that the case was brought to a satisfaction conclusion in an efficient manner. A copy of the agreement is provided as Exhibit A.

In considering whether the settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc*., 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Here, there is no question that that settlement did not come about because of "overreaching" by the employer. Moreover, one concern tending toward settlement was plaintiff's counsel's legitimate concerns about the viability of a claim for successor liability (in addition to change in management, the physical address of the restaurant changed). In addition, there is always risk that a corporate defendant will have no collectable assets for this kind of uninsured claim. This is especially true here where the predecessor corporation is no longer active.

Defendants operate a small neighborhood deli, thereby necessitating the installment payments.

The settlement was reached as a result of arm's length negotiations between the parties, assisted with their retained counsel specialize in employment law. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See*, *Aponte v. Comprehensive Health Management, Inc*., 2013 WL 1364147 at *4 (S.D.N.Y. 2013).

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). In this case, plaintiff's counsel fee of one-third plus reimbursement of this filing and service fees ($4,500) is reasonable and is not greater than what Cilenti & Cooper, PLLC would receive were it to compensated on an hourly basis. Of course, had the case proceeded, assuming plaintiff prevailed on the successor liability claim, plaintiff's counsel would have made a fee application for much more than the amount of plaintiff's recovery. As such, clear this settlement does not favor counsel over the plaintiff himself.

Moreover, recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld contingency agreements of one-third or higher. *See In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014); *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation).

Therefore, based on the above factors, the $12,000 settlement not only falls within the range of reasonableness, but provides an excellent recovery for the plaintiff in light of the risk of litigation. Therefore, the settlement should be approved. *See, e.g., Vogel v. JP Morgan Chase Bank, N.A.*, No. 14 Civ. 8422 (KBF) (S.D.N.Y. Aug. 25, 2015) (the court approved the settlement after "carefully review[ing] the proposed settlement" and finding that it was "fair and reasonable") (citing *Cheeks*, 2015 WL 4664283, at *6-7).

We thank the court for its consideration of the case, and we do seek dismissal with the right to return only in the event a problem arises concerning enforcement of the agreement. A proposed stipulation and order of dismissal is provided as Exhibit "B".

Respectfully submitted,

| | |
|---|---|
| CILENTI & COOPER, PLLC | DUANE MORRIS LLP |
| By: /s/ Peter H. Cooper, Esq. | By: /s/ Michael Tiliakos, Esq. |
| 708 Third Avenue – 6th Floor | 1540 Broadway |
| New York, New York 10017 | New York, New York 10036 |
| (212) 209-3933 | (212) 692-1045 |
| Attorneys for Plaintiff | Attorneys for Defendants |

1283143.2